## Appeal of ATHENIA STEEL COMPANY.          Docket No. 681.

An expenditure by a corporation for the erection of a substantial brick building for the use of its employees as a clubhouse is a capital expenditure and is not deductible as an ordinary and necessary expense.

Submitted January 22, 1925; decided January 31, 1925.

*Walter H. Dodd, Esq.*, for the taxpayer.
*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal involves income and profits taxes for the calendar year 1919, and is based upon the disallowance by the Commissioner of a deduction claimed as an ordinary and necessary business expense of an expenditure of $15,083 for the erection of a brick building for the use of its employees as a clubhouse. The Commissioner considered the cost of the clubhouse as a capital expenditure, while the taxpayer contends that it was an ordinary and necessary business expense. The appeal was heard upon a stipulation of facts, from which the Board makes the following

### FINDINGS OF FACT.

The Athenia Steel Co. was a corporation engaged in the manufacture and sale of special kinds of spring steel, and maintains a large factory at Athenia, N. J. For several years prior to the year 1919 it maintained an athletic association known as the Athenia Steel Field Club, composed of its factory employees. This club was a member of the Passaic Factory League, which was an association of athletic clubs formed by the workers of several manufacturing corporations whose factories were situated in the County of Passaic, N. J. It also contributed and maintained an athletic field and baseball diamond on grounds adjacent to its factory, for the use of its employees for athletic purposes, and contributed annually to the cost of uniforms, equipment, and upkeep of the club.

During 1919, for the purpose of increasing the contentment and retaining the good will of its employees, and to inculcate and foster a greater spirit of cooperation between the company and its employees, the taxpayer erected in its factory grounds and on the ath-

letic field a clubhouse for the use of those employees who were members of the Athenia Steel Field Club. The building was substantially constructed of brick and is fully equipped for athletic uses. It had a useful life of more than one year and is now being used for the same purposes for which it was erected. It contains dressing rooms for the players, lockers, shower baths and other conveniences as well as an auditorium or room for meetings. No part of the clubhouse has ever been used in the manufacture or production of spring steel, which is the commodity dealt in by the company, and the building is not suited for and was not intended to be employed in such manufacture.

The construction of the clubhouse and its use by the employees increased their interest and enthusiasm in the affairs of the company, made them more contented with their employment and more willing to remain therein. It has been the means of fostering a spirit of cooperation between the employees and the corporation which has resulted in a reduced volume of labor turnover and has reduced labor trouble to the minimum. There have been no strikes or industrial strife between the company and its men since the clubhouse was erected.

In addition to the erection of the clubhouse the taxpayer also installed larger and better facilities for supplying water to the clubhouse. This was made necessary on account of the fact that the small pump which had been used was inadequate for the additional demands made necessary by the baths installed in the clubhouse.

### DECISION.

The determination by the Commissioner of a deficiency in the amount of $9,033.05 is approved.

### OPINION.

TRAMMELL: The taxpayer in support of its appeal relies upon the decision of the Board in the *Appeal of Poinsett Mills*, 1 B. T. A. 6, wherein the Board held that a *contribution* by a corporation to a church in a small community which consisted largely of its employees, was an allowable deduction as an ordinary and necessary business expense. In that case the taxpayer did not acquire an asset. The facts involved in this appeal are clearly distinguishable from those involved in the *Appeal of Poinsett Mills*, supra. In this case the taxpayer erected a substantial brick building. It thereby invested in an asset which had a useful life for a number of years and had the benefit thereof over a period of years and continues to receive such benefit.

Sections 235 and 215 (b) of the Revenue Act of 1918 specifically provide that no deduction shall in any case be allowed in respect to any amount paid out for new buildings or for permanent improvements made to increase the value of property. (*Cf. Appeal of McEwen Lumber Co.*, 1 B. T. A. 73.)

The taxpayer is entitled to a return through allowances for exhaustion, wear and tear, of the capital sum invested in the said property but is not entitled to a deduction on account of such expenditure during the taxable year as an ordinary and necessary business expense.